# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ERIC LAPRAIRIE**, on behalf of himself and all other employees similarly situated, <br><br> *Plaintiffs,* <br><br> vs. <br><br> **PRESIDIO, INC., PRESIDIO HOLDINGS INC., PRESIDIO LLC, PRESIDIO NETWORKED SOLUTIONS LLC, PRESIDIO NETWORKED SOLUTIONS GROUP, LLC, and PRESIDIO TECHNOLOGY CAPITAL, LLC,** <br><br> *Defendants.* | **Case No. 1:21-cv-08795-JFK** |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into between and among Plaintiff Eric LaPrairie, individually and on behalf of all others similarly situated ("Plaintiffs"), and Presidio, Inc., Presidio Holdings Inc., Presidio LLC, Presidio Networked Solutions LLC, Presidio Networked Solutions Group, LLC and Presidio Technology Capital, LLC ("Defendants" or "Presidio") (collectively, the "Settling Parties"), subject to preliminary and final approval by the United States District Court for the Southern District of New York (the "Court") as required by Rule 23(e) of the Federal Rules of Civil Procedure;

WHEREAS, the above-captioned action is pending in the Court, alleging, *inter alia,* that Presidio failed to adequately secure personal identifiable information of its employees that may have been compromised in a data security incident which occurred on or about March 5, 2020;

WHEREAS, Plaintiffs and Class Counsel believe that the factual and legal claims asserted in the Action are meritorious. Class Counsel has investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and have conducted a thorough assessment of the strengths and weaknesses of the claims in the Action;

WHEREAS, Presidio asserts numerous legal and factual defenses to the claims made in the Action, and specifically denies each and all of the claims and contentions alleged against it in the Action, and denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Action;

WHEREAS, the Settling Parties participated in mediation on August 3, 2021 with Rodney Max serving as mediator, and also a second mediation session that was held on June

1

16, 2022 with mediator Bennett G. Picker, and also engaged in numerous phone calls and written exchanges, before ultimately reaching a settlement in principle as to all claims;

WHEREAS, the Plaintiffs and Class Counsel have concluded, after investigation of the facts and after carefully considering the circumstances of the Action, including the claims asserted in the Action, the status of the Action and the possible legal, factual and procedural defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Agreement, which interests include the substantial value to be derived by this Settlement and the interest in avoiding the uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Settlement Class; that the Plaintiffs consider the Settlement set forth herein to be fair, reasonable and adequate and in the best interests of the Settlement Class; and Plaintiffs and Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class;

WHEREAS, Presidio, after vigorous, arms-length negotiations, has agreed to provide certain monetary and non-monetary measures in settlement for the benefit of the Settlement Class, as provided in this Agreement;

WHEREAS, Presidio, despite its belief that it has valid and complete defenses to the claims asserted against it in the Action, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to resolve this controversy, without any admission of wrongdoing or liability whatsoever;

NOW, THEREFORE it is agreed by and between the undersigned on behalf of Presidio and the Plaintiffs, on behalf of the Settlement Class, that any and all claims made against Presidio by the Plaintiffs in the Action be settled, compromised and dismissed on the merits and with prejudice and, except as hereafter provided, without costs as to the Plaintiffs or Presidio, subject to the approval of the Court, on the following terms and conditions.

## I.   DEFINITIONS

In addition to the terms defined at various points within the Agreement, the following definitions of terms apply throughout the Agreement.

1.      **"Action"** means the action captioned *LaPrairie et al. v. Presidio, Inc. et al.*, Case No. 6:21-cv-08795 in the United States District Court, Southern District of New York, previously docketed as Index No. E2020009128 in the Supreme Court of the State of New York, County of Monroe and *LaPrairie et al. v. Presidio, Inc., et al.*, and also previously docketed as Case No. 6:21-cv-6306 in United States District Court, Western District of New York.

2.      **"Agreement"** or **"Settlement Agreement"** means this agreement.

3.      **"Approved Claims"** means any Claim Forms approved by the Settlement Administrator or found to be valid through the appeal process described in Paragraph 47 of this Agreement.

4.     **"Claim Form"** or **"Claim Forms"** means the form substantially in the form of Exhibit 1 attached hereto that Settlement Class Members must complete and submit on or before the Claim Deadline to receive the benefits contemplated by this Agreement.

5.      **"Claim Deadline"** means the last day to submit a timely Claim Form, which will be seventy-five (75) days after the Notice Deadline.

6.      **"Class"** or **"Class Members"** means all individuals who were notified by Presidio that their personal information may have been compromised in the Data Incident that occurred in or about March 2020.  The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Settlement Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

7.     **"Class Counsel"** shall mean Nelson Thomas, Jessica L. Lukasiewicz, and Jonathan W. Ferris of Thomas & Solomon LLP.

8.     **"Complaint"** means the operative Amended Class Action Complaint and Demand for Jury Trial filed by Plaintiffs on December 20, 2021 in the Action.

9.     **"Data Incident"** means the cyber incident that took place against Presidio on or about March 2020.

10.     **"Effective Date"** has the meaning ascribed in Paragraph 52 of this Agreement.

11.     **"Final Approval Hearing"** means the hearing to determine whether the Settlement of the Action should be given final approval and whether the applications of Class Counsel for attorneys' fees, costs and expenses and Class Representative service award should be approved.

12.     **"Motion for Final Approval"** is the motion to be filed by the Plaintiffs pursuant to Paragraph 51 of this Agreement.

13.     **"Motion for Preliminary Approval"** is the motion to be filed by the Plaintiffs pursuant to Paragraph 42 of this Agreement.  This Agreement shall be an exhibit to the Motion for Preliminary Approval.

14.     **"Notice(s)"** means the written notices to be sent to the Class pursuant to the Preliminary Approval Order, as set forth in Paragraph 43 of this Agreement.

15.     **"Notice Deadline"** means the last day by which Notice must begin issuing to the Class, and will initially occur twenty-one (21) days after entry of the Preliminary Approval Order.

16.     **"Objection Deadline"** means the deadline for objections to the Settlement to be specified in the Notices, which date shall be seventy-five (75) days from the Settlement Postcard Notice and Settlement Electronic Notice is scheduled to be mailed/emailed by the Settlement Administrator.

17.     **"Opt-Out Deadline"** means the deadline for requests to opt-out of the Settlement to be specified in the Notices, which date shall be seventy-five (75) days from the Settlement Postcard Notice and Settlement Electronic Notice is scheduled to be mailed/emailed by the Settlement Administrator.

18.     **"Order and Final Judgment"** means an order of the Court granting Final Approval of the Settlement and the corresponding final judgment.

19.     **"Party"** or **"Parties"** mean the Plaintiffs, acting on behalf of the Settlement Class, and Presidio.

20.     **"Plaintiff"** or **"Settlement Class Representative"** means Eric LaPrairie.

21.     **"Preliminary Approval Order"** means an order issued by the Court preliminarily approving the Settlement provided for in this Agreement.

22.     **"Presidio"** means, Presidio, Inc., Presidio Holdings Inc., Presidio LLC, Presidio Networked Solutions LLC, Presidio Networked Solutions Group, LLC and Presidio Technology Capital, LLC, and their subsidiaries and affiliates.

23.     **"Presidio Counsel"** means Brian Middlebrook, Esq. and John Mills, Esq. of Gordon Rees Scully Mansukhani, LLP, One Battery Park Plaza, 28th Floor, New York, NY 10004.

24.     **"Released Claims"** means any and all known and unknown claims, rights, demands, actions, causes of action, private or other rights of action, allegations, or suits of whatever kind or nature based upon, relating to, concerning or arising from the Data Incident and alleged theft of personal identifiable information, protected health information, or any other personal information, or the allegations, facts or circumstances described in the Action, whether *ex contractu* or *ex delicto*, tort, statutory, common law or equitable, including but not limited to negligence, breach of express or implied contract, breach of the implied covenant of good faith and fair dealing, bad faith, violation of any federal or state statute or regulation in any jurisdiction, breach of confidence, bailment, breach of fiduciary duty, misrepresentation (whether fraudulent, negligent or innocent), any claims for damages, including punitive, special or exemplary damages, restitution, disgorgement, attorneys' fees, costs or expenses of suit, injunctive relief, declaratory relief, equitable relief, specific performance, or prejudgment or post-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, restitution, the appointment of a receiver, or any other form of relief, including Unknown Claims, that either has been asserted, or could have been asserted, by any Class Member against any of the Released Persons. However, Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the

settlement contained in this Agreement, and shall not include the Class Members who have timely and validly request exclusion from the Settlement Class.

25.     **"Released Persons"** means Presidio, Inc., Presidio Holdings Inc., Presidio LLC, Presidio Networked Solutions LLC, Presidio Networked Solutions Group, LLC and Presidio Technology Capital, LLC and their respective present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and related entities, and any and all of their past, present, and future predecessors, officers, directors, employees, principals, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, and subrogees.

26.     **"Settlement"** means the settlement reflected by this Agreement.

27.     **"Settlement Court"** or **"Court"** means the United States District Court for the Southern District of New York.

28.     **"Settlement Administrator"** means Postethwaite & Netterville or another settlement administrator selected by Presidio with the consent of the Plaintiffs.

29.     **"Settlement Class"** or **"Settlement Class Member"** means all Class Members other than any Settlement Class Opt-Outs.

30.     **"Settlement Class Opt-Out"** means any person or entity falling within the definition of the Class who timely and validly submits a request for exclusion from the Settlement Class in accordance with the procedures set forth in Paragraph 50 below and the Settlement Long-Form Notice.

31.     **"Settlement Electronic Notice"** refers to the notice to be provided to the Class by electronic mail, without material alteration from Exhibit 2 hereto, in accordance with Paragraph 43 below.

32.     **"Settlement Long-Form Notice"** refers to the notice to be made available to the Class on the Settlement website maintained by the Settlement Administrator, without material alteration from Exhibit 3 hereto (except where necessary to render it electronically accessible), in accordance with Paragraph 43(d) below.

33.     **"Settlement Postcard Notice"** refers to the notice to be provided to the Class by postcard, without material alteration from Exhibit 4 hereto, in accordance with Paragraph 43 below.

34.     **"Settlement Reminder Postcard Notice"** refers to the notice to be provided, without material alteration from Exhibit 5 hereto, in accordance with Paragraph 43 below.

35.     **"Settlement Reminder Electronic Notice"** refers to the notice to be provided, without material alteration from Exhibit 6 hereto, in accordance with Paragraph 43 below.

36.    **"Unknown Claims"** means any of the Released Claims that any Settlement Class Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, waived the provisions, rights and remedies conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.980, *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to, California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, and any of them, may hereafter discover facts or law in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, upon the Effective Date, fully, finally and forever settlement and released any and all Released Claims.  The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

## II.    <u>SETTLEMENT TERMS</u>

37.    <u>Class Benefit.</u>  Subject to the terms of this Agreement, Presidio shall make available the following benefits (none of which are mutually exclusive) to Settlement Class Members who have submitted valid Claim Forms:

(a)    <u>Credit Monitoring and Identity Theft Protection Services</u>. Class Members can elect to enroll in TransUnion *my*TrueIdentity identity protection services for a period of two years by submitting the Claim Form by the Claim Deadline.  The two years of service is above and beyond any services previously offered by Presidio following the Data Incident. TransUnion *my*TrueIdentity includes credit monitoring from one bureau, access to credit reports, and $1 million in identity theft insurance.

6

(b)     <u>Reimbursement for Out-of-Pocket Losses.</u> Class Members may submit a claim for Reimbursement of Out-of-Pocket Losses up to Five Hundred Dollars and Zero Cents ($500.00) per Class Member that have not already been reimbursed through another source, including but not limited to the TransUnion *my*TrueIdentity identity theft insurance or any other credit card, credit monitoring/identity protection or financial service, by submitting the Claim Form by the Claim Deadline, subject to the terms and conditions below.

(i)     "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Class Member's personal information; (ii) costs incurred on or after March 5, 2020, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

(ii)     Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Class Member's name and current address; (2) documentation supporting their claim; and (3) whether the Class Member has been reimbursed for the loss by another source. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

(iii)     The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects losses incurred, are valid claims and are fairly traceable to the Data Incident based upon, including but not limited to, the timing of the loss and the type of information used to commit identity theft or fraud and whether that information is fairly traceable to the Data Incident.  The Settlement Administrator may contact Class Members to seek clarification regarding submitted claims prior to determining their validity.

(iv)     Class Members shall not be reimbursed for Out-of-Pocket Losses if they have already been reimbursed for the same Out-of-Pocket Losses by another source, source, including but not limited to the TransUnion *my*TrueIdentity identity theft insurance (whether offered by Presidio following the Data Incident or as part of the TransUnion *my*TrueIdentity product offered as part of this Settlement Agreement) or any other credit card, credit monitoring/identity protection or financial service. Exhaustion of the $1 million of identity theft insurance referenced in Paragraph 37(a) shall not be a requirement for Class Members to submit a claim for Reimbursement of Out-of-Pocket losses.

(v)     Claims for Reimbursement for Out-of-Pocket Losses can be combined with claims for Reimbursement for Attested Time; however, those claims are subject to a

combined $500.00 aggregate cap.  In no event shall an Approved Claim for Reimbursement of Out-of-Pocket Losses and Reimbursement for Attested Time exceed, in the aggregate, Five Hundred Dollars and Zero Cents ($500.00).

(c)     <u>Reimbursement for Attested Time</u>. Settlement Class Members may submit a claim for up to four (4) hours of time spent remedying issues related to identity theft directly caused by the Data Incident ("Attested Time") at $15 an hour by submitting the Claim Form by the Claim Deadline.

(i)     Settlement Class Members who elect to submit a claim for Reimbursement for Attested Time must provide to the Settlement Administrator the information required to evaluate the claim, including: (i) the Settlement Class Member's name and current address; and (ii) a brief description of the time incurred including the activities undertaken by the Settlement Class Member.

(ii)     The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments for Attested Time.  The Settlement Administrator may contact Settlement Class Members to seek clarification regarding any submitted claim prior to determining their validity.

(iii)     Claims for Reimbursement for Attested Time can be combined with Reimbursement for Out-of-Pocket Losses which, together, are subject to a $500.00 aggregate cap. Exhaustion of the $1 million of identity theft insurance referenced in Paragraph 37(a) shall not be a requirement for Class Members to submit a claim for Reimbursement of Out-of-Pocket Losses. In no event shall an Approved Claim for Reimbursement of Out-of-Pocket Losses and Reimbursement for Attested Time exceed, in the aggregate, Five Hundred Dollars and Zero Cents ($500.00).

(d)     <u>Confirmatory Discovery</u>. Presidio represents that it had enhanced security protocols in place in advance of the Data Incident and the occurrence reflects the intentional criminal acts of a third-party.  Nonetheless, following the Data Incident, additional data security measures were taken, including but not limited to: password changes, changes to multi-factor authentication requirements, updated reporting and monitoring of access to Presidio's HR application or any information contained therein, and updated employee training.

(i)     Presidio will provide reasonable access to confidential confirmatory discovery regarding the facts and circumstances of the Data Incident, Presidio's response thereto, and the changes and improvements that have been made or are being made to protect Class Members' personal information from further unlawful intrusions, including but not limited to the measures set forth above.

(ii)     The confirmatory discovery will include, at a minimum: (i) documentation regarding information security enhancements set forth above, including the costs to date associated with those enhancements; (ii) the production of the current incident response plan; (iii) information regarding the updated employee training; and (iv) such other documents as necessary to establish to Class Counsel that Presidio has or will implement measures to prevent Class Members' personal information from further unlawful intrusions.

(iii)    This confirmatory discovery will be produced by Presidio to Class Counsel within fourteen (14) days of the Court's Preliminary Approval Order.  All documents and materials provided to Class Counsel in confirmatory discovery pursuant to this Paragraph shall be treated as confidential and may not be used for any purpose other than confirmatory discovery in the Action and in connection with this Agreement.

(iv)    Nothing about this Paragraph 37(d) shall create any contractual rights to any present or future equitable remedy requiring Presidio to make or maintain any particular security processes or procedures in the future.

38.    <u>Class Counsel's Attorneys' Fees and Expenses.</u>  Plaintiffs will move the Court for an order awarding Class Counsel's application of attorneys' fees and costs not to exceed Four Hundred Thousand Dollars and Zero Cents ($400,000.00), which Presidio agrees not to oppose.  This term was negotiated only after the Parties reached an agreement as to the Class' benefits provided for in Paragraph 37. Any attorneys' fees and expenses approved by the Court in accordance with this Paragraph shall be paid by check or wire transfer within twenty-one (21) days after the Effective Date and Presidio's Counsel's receipt of a completed IRS Form W-9 for Class Counsel, whichever is later.  Class Counsel shall provide Presidio's Counsel with payment instructions within five (5) days of the Effective Date.

39.    <u>Class Representative Service Award</u>. Plaintiffs will move the Court for an order awarding the application of a service award not to exceed Three Thousand Dollars and Zero Cents ($3,000.00), which Presidio does not oppose.  Any service award approved by the Court in accordance with this Paragraph shall be paid by check within twenty-one (21) days after the Effective Date or Presidio's Counsel's receipt of a completed IRS Form W-9 for Plaintiff LaPrairie, whichever is later.  Presidio's Counsel shall mail the check via tracked mail addressed for Plaintiff LaPrairie.

## III.    <u>IMPLEMENTATION OF SETTLEMENT</u>

40.    <u>Reasonable Best Efforts to Effectuate This Settlement</u>.  Consistent with the terms of this Agreement and notwithstanding the rights of the Parties to terminate this Agreement as set forth herein, the Parties and their counsel agree to cooperate and to use their reasonable best efforts, including all steps and efforts contemplated by this Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Settlement Court or otherwise, to carry out the terms of this Agreement.

41.    <u>Class Certification for Settlement Purposes Only</u>.  The Parties acknowledge and agree and hereby stipulate that: (i) the Class will be certified for settlement purposes only pursuant to this Agreement, (ii) Presidio reserves the right to object to class certification de novo in the event this Agreement is terminated for any reason, (iii) this Agreement shall have no precedential effect with regard to any motion for certification of a litigation class that may be filed if this matter is not fully and completely resolved through this settlement effort; and (iv) this Agreement shall have no precedential effect with regard to any other lawsuit against Presidio that may be pending now or in the future, other than in a proceeding seeking to enforce this Agreement.

42. <u>Motion for Preliminary Approval</u>.  Following the execution of this Agreement, the Plaintiffs shall promptly file a Motion for Preliminary Approval seeking entry of the Preliminary Approval Order in the form annexed hereto as Exhibit 7.

43. <u>Notice to the Class</u>.

(a) <u>List of the Class Members</u>. Within seven (7) days of entry of the Preliminary Approval Order, Presidio shall provide to the Settlement Administrator a list of the names, last known addresses, and last known electronic mail addresses of the Class Members.

(b) <u>Notice</u>. Within twenty-one (21) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send Settlement Electronic Notice to the Class Members by email (with read receipt requested), where valid email addresses are available. Where valid email addresses are not available or for whom the Settlement Administrator did not receive a read receipt, the Settlement Administrator shall send Settlement Postcard Notice by U.S. Mail.  Email addresses shall include work email addresses for current employees, but, when possible, personal email addresses should be used.  Where a valid email address is not available, the Settlement Administrator shall run such Class Members' names through the National Change of Address Program and then mail a Settlement Postcard Notice to each Class Member.  For anyone with a valid email address, but who has not indicated read receipt within seven (7) days of being emailed, the Settlement Administrator shall send Settlement Postcard Notice. If the mailing of a Settlement Postcard Notice is returned as undeliverable, the Settlement Administrator will make reasonable efforts to identify a new address for that Class Member, including, but not limited to, skip-tracing, and promptly re-send the Settlement Postcard Notice to the identified new address, if any.

(c) <u>Settlement Reminder Notices</u>. Forty-five (45) days after the Settlement Administrator sends the Settlement Postcard Notice and Settlement Electronic Notice, the Settlement Administrator shall provide the Settlement Reminder Electronic Notice to all Class Members in which the Settlement Administrator received a read receipt on the initial Settlement Electronic Notice.  In the event the Settlement Administrator ultimately mailed a Settlement Postcard Notice to a Class Member, the reminder notice should be sent via Settlement Reminder Postcard Notice. Once again, if the Settlement Administrator does not receive a read receipt from any Class Members within seven (7) days, a Settlement Reminder Postcard Notice will be mailed.  The form of the Settlement Reminder Postcard Notice is attached as Exhibit 5 hereto. The form of the Settlement Reminder Electronic Notice is attached as Exhibit 6 hereto.

(d) <u>Settlement Long Form Notice</u>. A detailed Settlement Long Form Notice, attached as Exhibit 3 hereto, will be made available to the Class Members on the Settlement website to be maintained by the Settlement Administrator in accordance with Paragraph 43(e) below.

(e) <u>Website.</u> The Settlement Administrator shall maintain a website, beginning on or before the Settlement Electronic Notice and the Settlement Postcard Notice is sent and ending no later than one month after the Effective Date. The website includes copies of the

Complaint, Settlement Agreement, Motion for Preliminary Approval, Preliminary Approval Order, Settlement Long-Form Notice, Claim Form, motions for Class Counsel's attorneys' fees, expenses, Motions for Final Approval, and Order and Final Judgment. The website shall also provide applicable Settlement deadlines and answers to frequently asked questions.

(f)     Settlement Administrator Phone Line. The Settlement Administrator will provide a recorded phone line for any frequently asked questions, which will be agreed to by both Parties. In addition, the Settlement Administrator will provide an option to speak with a live customer service representative for the limited purpose of requesting a copy of any of the Settlement Long-Form Notice or Claim Forms.

(g)     Proof of Notice.  Plaintiffs shall file with the Motion for Final Approval, or at such other time required by the Court, a declaration from the Settlement Administrator confirming that notice has been provided to the Class in accordance with Paragraph 43.

44.     Payment of Expenses Related to Notice and Administration. Presidio will pay all costs incurred and fees charged by the Settlement Administrator in providing notice to the Class in accordance with Paragraph 43 and otherwise administering the Settlement.

45.     Claim Forms. Class Members may submit Claim Forms electronically via the website referenced in Paragraph 43(e) or physically by mail to the Settlement Administrator. Claims Forms must be submitted electronically or postmarked by the applicable Claim Deadline.  Claim Forms must be submitted individually by a Class Member, not as or on behalf of a group, class, or subclass, except that the Claim Forms may be submitted by a legal representative of a deceased Class Member or a Class Member who has been adjudicated to be mentally incompetent.  If Claim Forms are submitted by a legal representative of a deceased or mentally incompetent Class Member, the Claim Forms must be submitted together with a copy of a court order or other documentation from which the Settlement Administrator can reasonably verify the authority of the legal representative to act on behalf of the Class Member.

46.     Claim Form Disputes.  The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (ii) the Class Member has provided the information needed to complete a Claim Form, including any documentation that may be necessary to reasonably support the claim for Reimbursement of Out-of-Pocket Losses or Attested Time and/or entitlement to Credit Monitoring and Identity Theft Protection Services; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the Class Member has suffered the claimed losses as a result of the Data Incident. In the event a Claim Form was timely submitted by a Class Member and is deficient, the Settlement Administrator may, at any time, request from the Class Member in writing, additional information as the Settlement Administrator may require in order to evaluate the Claim Forms, e.g., documentation requested on the Claim Forms, information regarding the claimed losses, available insurance, and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof. To the extent the Settlement Administrator determines a Claim Form is deficient in whole or part, the Settlement Administrator is authorized to informally resolve the deficiency within a reasonable time prior to sending a formal deficiency notice to a Class Member.  If the deficiency

remains unresolved, the Settlement Administrator shall formally notify the Class Member, counsel for the Plaintiffs and the Settlement Class, and counsel for Presidio of the deficiency(ies) and provide the Class Member ten (10) days to cure the deficiencies.  If a Class Member attempts to cure but, in the sole discretion of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Class Member of that determination within seven (7) days of the Class Member's supplemental submission. The Settlement Administrator may consult with counsel for the Parties prior to making any such determinations.

47.   Appeal Process.  If the Settlement Administrator determines that a Claim Form is deficient, and the Class Member fails to cure the deficiency, the Settlement Administrator shall inform the Class Member of his or her right to dispute the determination in writing and request an appeal within fourteen (14) days.  If an individual disputes a determination in writing and requests an appeal, the Settlement Administrator shall provide a copy of the Class Member's dispute and claims form along with all documentation and other information submitted by the Class Member to counsel for the Parties.  Counsel for the Parties will confer regarding the claim submission within five (5) business days of receipt of such documentation/information from Settlement Administrator.  Counsel for the Parties' approval of denial of the Class Member's claim, in whole or in part, will be final.  If counsel for the Parties cannot agree on approval or denial of the Settlement Class Member's claim, in whole or in part, the dispute will be submitted to Rodney Max at Defendant's cost.  Mr. Max will make a decision within five (5) business days of the submissions by counsel for the Parties. Mr. Max's decision will be final and not subject to appeal or further review.

48.   Objections.  Any Settlement Class Member who wishes to object to the Settlement must send a signed, written objection to the Settlement Administrator by the Objection Deadline (or other date required by the Court).  Written objections must set forth the following:

(a)   the name of the proceedings ("*LaPrairie v. Presidio, Inc.*");

(b)   the Class Member's full name, current mailing address, and telephone number;

(c)   a statement of the specific grounds for the objection, as well as any documents supporting the objection;

(d)   a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(e)   the identity of any attorneys representing the objector;

(f)   a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(g)   all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the past three (3) years; and

(h)     the signature of the Class Member or the Class Member's attorney.

Written objections must be served concurrently upon Plaintiff's Counsel and Presidio's Counsel at the addresses set forth herein.  Class Members who fail to make objections in the manner specified in Paragraph 48 of this Agreement will be deemed to have waived any objections and will be foreclosed from making any objections, whether by a subsequent objection, intervention, appeal, or any other process.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in this Paragraph.  Without limiting the foregoing, any challenges to the Settlement Agreement and/or the Order and Final Judgment shall be pursuant to appeal under applicable Court rules and not through a collateral attack.

49.     <u>Intention to Appear at Final Approval Hearing</u>.  Any Settlement Class Member who wishes to be heard at the Final Approval Hearing must send a signed Notice of Intention to Appear to the Settlement Administrator no later than seventy-five (75) days following the Notice Deadline (or other date required by the Court).  The Notice of Intention to Appear must set forth the following:

(a)     the name of this Action ("*LaPrairie v. Presidio, Inc.*");

(b)     the full name, address, and telephone number of the person intending to appear at the Final Approval Hearing;

(c)     the words "Notice of Intention to Appear" at the top of the document;

(d)     the points the person wishes to speak about at the Final Approval Hearing; and

(e)     the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

50.     <u>Opt-Outs</u>.  A Class Member may opt out of the Settlement by submitting an opt-out request to the Settlement Administrator by U.S. mail, as set forth in the Notice.  Any such opt-out request, in order to be timely, must be postmarked by the Opt-Out Deadline (or other date required by the Court).  The Request for Exclusion must set forth the following:

(a)     The name of this Action ("*LaPrairie v. Presidio, Inc.*");

(b)     the full name, address, and telephone number of the person requesting to be excluded;

(c)     the words "*Request for Exclusion*" at the top of the document; and

(d)     a declaration stating "I request that I be excluded from the Settlement Class in *LaPrairie v. Presidio, Inc.*, and do not wish to participate in the settlement.  I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the Settlement."

Requests to opt-out must be exercised individually by a Class Member, not as or on behalf of a group, class, or subclass. Within three (3) days after the Opt-Out Deadline, the Settlement Administrator shall furnish to counsel for the Settling Parties a complete list of all timely and valid requests for exclusion, which shall be submitted to the Court in advance of the Final Approval Hearing.  All Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by this Agreement, and their claims shall be released as provided for herein.

A Class Member cannot submit an opt-out request and a Claim Form.  If a Class Member submits an opt-out request and a Claim Form, the Settlement Administrator will determine based on the communication with the latest date (provided it is timely) whether the Class Member intends to opt out or submit a Claim Form.

51.  <u>Motion for Final Approval</u>.  The parties shall request a Final Approval Hearing date of 110 days from the date that preliminary approval is granted by the Court. Plaintiffs shall file a Motion for Final Approval seeking final approval of the Settlement and entry of final judgment.  Plaintiffs shall provide Presidio a draft of such papers five (5) days before filing and thus provide the opportunity to review and comment.  Presidio shall cooperate with Plaintiffs to obtain final approval of the Settlement consistent with the terms herein.  The Final Approval Order and Judgment shall be substantially similar to the proposed order attached as Exhibit 8.

52.  <u>Effective Date of Settlement</u>.  The Settlement detailed in this Agreement shall be effective five (5) days after all of the following events have occurred:  (1) Approval by the Court of this Agreement, following notice to the Class and a Final Approval hearing; (2) entry by the Court of an Order and Final Judgment; (3) if any member of the Class timely files a valid objection to the Settlement, the expiration of any time for appeal or review of an Order and Final Judgment, or, if any appeal is filed, after an Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari; (4) the expiration of time to appeal or seek permission to appeal from the Order and Final Judgment or, if any appeal is filed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari; and (5) this Agreement is no longer subject to termination by any Party as provided for in Section IV.

53.  <u>Provision of Credit Monitoring Services</u>.  The Settlement Administrator shall send an activation code to each Settlement Class Member who submitted a valid Claim Form within forty-five (45) days of the validation of the Claim Form according to the process set forth in Paragraph 45 or forty-five (45) days after the Effective Date, whichever is later, which can be used to activate Credit Monitoring Services via an enrollment website maintained by TransUnion. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Credit Monitoring Services claimants may activate Credit Monitoring Services for a period of at least one-hundred and twenty (120) days from the date the Settlement Administrator sends the activation code.

54.     <u>Payment of Other Benefits</u>.   Payments for Reimbursement of Out-of-Pocket Losses and Reimbursement for Attested Time will be made by the Settlement Administrator within forty-five (45) days of validation of the Claim Form according to the process set forth in Paragraph 45 or forty-five (45) days after the Effective Date, whichever is later.   Thirty (30) days after the Effective Date, the Settlement Administrator shall invoice Presidio for claims to be paid from the prior month.   Within ten (10) business days, Presidio will provide the Settlement Administrator with the funds to pay the claims made during the previous month. To the extent claims are finally approved after the deadline for payment as set forth in this Paragraph, the Settlement Administrator shall invoice Presidio for claims to be paid within thirty (30) days, and Presidio will provide the Settlement Administrator with the funds to pay the claims made during the previous month within thirty (30) days.

55.     <u>Uncashed Checks</u>.   In the event that a check or draft issued to a Settlement Class Member by the Settlement Administrator is not negotiated within one-hundred eighty (180) days of the date of the check or draft, within sixty (60) days thereafter, the Settlement Administrator shall return the funds to Presidio, unless otherwise agreed between the Settlement Administrator and Presidio.   The Settlement Class Member shall be deemed to have waived his or her entitlement to payment under this Agreement and Presidio shall have no further monetary liability or responsibility to that Settlement Class Member.   All other terms of this Agreement, including the release set forth in Paragraph 57 below, shall remain in effect.

56.     <u>All Claims Satisfied</u>.   Each Settlement Class Member shall look solely to the relief described in Paragraph 37 for settlement and satisfaction, as provided herein, of all Released Claims.   No Settlement Class Member, or their respective heirs, executors, trustees, administrators, representatives, agents, partners, successors, attorneys, and assigns, shall have any claim against the Presidio, Presidio's Counsel, Plaintiff, or Class Counsel based on the distribution of benefits to Settlement Class Members provided that such data was accurately provided by Presidio and/or Presidio's Counsel to the Settlement Administrator. Only to the extent the data was not accurately provided by Presidio and/or Presidio's Counsel would Settlement Class Members, or their respective heirs, executors, trustees, administrators, representatives, agents, partners, successors, attorneys, and assigns, have the ability to bring such claims against Presidio and/or Presidio's Counsel.

## III.     <u>RELEASES AND JURISDICTION OF SETTLEMENT COURT</u>

57.     <u>Release of Released Entities</u>.   Upon the Effective Date, and in consideration of the Settlement benefits described herein, each of the Settlement Class Members, including Plaintiff, and each of their respective heirs, executors, trustees, administrators, representatives, agents, partners, successors, attorneys, and assigns (the "Releasing Parties") shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever released, relinquished acquitted, and discharged any and all Released Claims against Released Persons.   Further, upon the Effective Date, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public in any capacity, be permanently barred and enjoined from commencing, prosecuting, or

15

participating in any recovery in any action in this or any other form (other than participation in the settlement as provided for herein) in which any of the Released Claims is asserted.

58.     Consent to Jurisdiction.  The Parties hereby irrevocably submit to the exclusive jurisdiction of the Settlement Court for purposes of any suit, action, proceeding or dispute arising out of, or relating to, this Agreement or the applicability of this Agreement.

59.     Resolution of Disputes; Retention of Jurisdiction.  Any disputes between or among the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Settlement Court for resolution. The Settlement Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

## IV.     TERMINATION OF THE AGREEMENT

60.     Rejection or Material Alteration of Settlement Terms.  Presidio and the Plaintiffs shall each have the right to terminate this Agreement by providing written notice of their election to do so to each other within seven (7) days of: (1) the Settlement Court declining to enter the Preliminary Approval Order in a form materially consistent with this Settlement Agreement and indicating that it would not enter a Preliminary Approval Order if the Parties make revisions that were materially consistent with this Settlement Agreement; (2) the Settlement Court declining to enter an Order and Final Judgment in a form materially consistent with this Agreement (other than determining, in the Settlement Court's sole discretion, the amount of the attorneys' fees and expenses award and service award in accordance with Paragraphs 38 and 39) and indicating that it would not enter an Order and Final Judgment if the Parties make revisions that were materially consistent with this Settlement Agreement; (3) the date upon which the Order and Final Judgment is modified or reversed in any material respect by any appellate court, which indicates that the Settlement cannot be approved if the Parties make revisions that are materially consistent with this Settlement Agreement (except with respect to the amount of the attorneys' fees and expenses or service  award); (4) Presidio's receipt of more than forty (40) Opt-Outs (exclusions) after the Opt-Out Deadline from the Settlement Administrator as set forth in Paragraph 50; or (5) the mutual agreement of the Plaintiffs and Presidio to terminate the Agreement. If an option to terminate this Agreement arises under this Paragraph, no Party is required for any reason or under any circumstance to exercise that option.  In the event that Presidio opts to terminate this Agreement pursuant to this Paragraph 60(4), Presidio shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Plaintiff's Counsel and service award(s).  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement.

61.     Return to Pre-Agreement Status.  In the event any of the Parties exercise the right of termination enumerated in Paragraph 60, this Agreement shall be null and void and shall have no force and effect, the Parties shall jointly request that any orders entered by the Settlement Court in accordance with this Agreement be vacated, and the rights and obligations

of the Parties shall be identical to those prior to the execution of this Agreement.  In the event either Party exercises any right of termination, the Parties agree to jointly request that the Settlement Court provide a reasonable opportunity to engage in such other further proceedings as were contemplated before the Parties entered into this Agreement.

62.    <u>No Admission of Liability / Compromise of Disputed Claims</u>.  The Parties hereto agree that this Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Presidio or of the truth of any of the claims or allegations contained in the Complaint; and evidence thereof shall not be discoverable or used directly or indirectly by the Plaintiffs or any third party, in any way for any purpose, except that the provisions of this Agreement may be used by the Parties to enforce its terms, whether in the Action or in any other action or proceeding. This Agreement and all of the terms herein constitute compromises and offers to compromise under applicable federal rules of court and statutes. In the event that this Agreement is terminated pursuant to Paragraph 60, nothing in this Agreement or its negotiation may be used in the Action or in any proceeding for any purpose. The Parties expressly waive the potential applicability of any doctrine, case law, statute, or regulation, which, in the absence of this paragraph of this Agreement, could or would otherwise permit the admissibility into evidence of the matters referred to in this paragraph. The Parties expressly reserve all their rights and defenses if the Settlement set forth in this Agreement does not become final and effective substantially in accordance with the terms of this Agreement. The Parties also agree that this Agreement, any orders, pleadings or other documents entered in furtherance of this Agreement, and any acts in the performance of this Agreement are not intended to be, nor shall they in fact be, admissible, discoverable or relevant in any other case or other proceeding against Presidio to establish grounds for certification of any class, to prove either the acceptance by any Party hereto of any particular theory of coverage, or as evidence of any obligation that any Party hereto has or may have to anyone. This provision shall survive any termination of this Agreement.

## V.    <u>REPRESENTATIONS AND WARRANTIES</u>

63.    <u>Authorization to Enter this Agreement</u>.  The undersigned representative of Presidio represents and warrants that he or she is fully authorized to enter into and to execute this Agreement on behalf of Presidio. Class Counsel represent and warrant that they are fully authorized to conduct settlement negotiations with Presidio Counsel on behalf of the Plaintiffs and to enter into, and to execute, this Agreement on behalf of Plaintiffs and the Settlement Class, subject to Settlement Court approval.

64.    <u>Assignment</u>.  Plaintiff LaPrairie represents and warrants that he has  not assigned or transferred any interest in the Action which is the subject of this Agreement, in whole or in part.

65.    <u>Representation</u>.  Plaintiff acknowledges that he has been represented by counsel of his own choosing in the Action and the negotiation and execution of this Agreement, fully

understands this Agreement, and that he has had a reasonable and sufficient opportunity to consult with counsel before executing this Agreement.

## VI.   ADDITIONAL PROVISIONS

66.   Intent.  The Settling Parties acknowledge that it is their intent to consummate this Agreement, and that they intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Action.

67.   Use of this Agreement.  The provisions of this Agreement, and any orders, pleadings or other documents entered in furtherance of this Agreement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after hearing upon application of a Party hereto, (iii) in order to establish payment or a defense in a subsequent case, including res judicata, or (iv) to obtain Court approval of this Agreement.

68.   Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

69.   Headings.  The headings to this Settlement Agreement have been inserted for convenience only and are not to be considered when construing the provisions of this Agreement.

70.   Construction.  This Agreement shall be construed and interpreted to effectuate the intent of the Parties.  Plaintiffs intend for the Settlement to provide fair compensation to Plaintiffs and the Class.  Presidio intends for the agreement to provide for a complete resolution by the Releasors of the Released Claims with respect to the Released Entities.  This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

71.   Choice of Law.  All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

72.   Amendment or Waiver.  This Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party or their counsel, who may only sign with the permission of their clients. The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous.

73.     <u>Modification</u>.  Prior to entry of the Final Order and Judgment, this Agreement may, with approval of the Court, be modified by written agreement of the Parties or their counsel, who may only sign with the permission of their clients, without giving any additional notice to the Settlement Class, provided that such modifications are not materially adverse to the Settlement Class. To the extent that Class Members desire to be notified regarding any additional changes as described in this paragraph, or otherwise after the initial notice of the Settlement, the preliminary approval hearing and the Final Approval Hearing, they must file with the Settlement Court in this Action a request for notice, or send such a request in writing to the Settlement Administrator or Class Counsel, who shall maintain a list of all such requests that are received. Class Members who have and who provide an e-mail address agree to electronic notification. The provisions of this section advising Class Members of this requirement shall be included in the Settlement Long Form Notice.

74.     <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts. Facsimile signatures, electronic signatures obtained through a service ensuring an authentication process, or signatures in PDF format shall be considered as valid signatures as of the date thereof, and may be filed with the Settlement Court.

75.     <u>Integrated Agreement</u>.  This Agreement, including the exhibits hereto, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties hereto, and supersedes any prior oral or written agreements and contemporaneous oral agreements among the Parties, including but not limited to the Confidential Settlement Term Sheet agreed to by the Parties on June 22, 2022. Exhibits to this Agreement are integral to the Agreement and are hereby incorporated and made part of this Agreement.

76.     <u>Notices</u>.  All notices and other communications required or permitted under this Agreement, other than requests to opt-out of the proposed Settlement, shall be in writing and delivered in person, by overnight delivery service or by facsimile as follows:

If to the Plaintiffs:

Jessica L. Lukasiewicz
Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

If to Presidio:

Brian Middlebrook
Gordon Rees Scully Mansukhani, LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004.

77.     <u>Severability</u>.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect,

such invalidity, illegality or unenforceability shall not affect any other provision if the Parties mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

78.     <u>Confidential Information</u>.  The Settlement Administrator shall keep confidential any personal identifying information of the Class Members, and any financial information of Presidio, that has or may come into their possession.

79.     <u>Deadlines</u>.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

80.     <u>Retention of Records</u>.  The Settlement Administrator shall retain copies or images of all mailed notices or records thereof, returned mailed notices, correspondence related to the Settlement and Settlement checks for a period of one-hundred and eighty (180) days after the Effective Date. After this time, the Settlement Administrator will provide these records to Presidio's Counsel, and the Settlement Administrator shall destroy any such documentary records they have in their possession.

81.     <u>Contact with Class Members</u>. Presidio may communicate with the Class Members in the ordinary course of its business. Presidio will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator.

82.     <u>Public Statements</u>.  Prior to the Preliminary Approval Order, Class Counsel shall not issue any press release regarding the facts or terms of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed.

<u>(remainder of page intentionally left blank)</u>

## <u>SIGNATURES OF THE PARTIES</u>

ERIC LAPRAIRIE

Dated: August __, 2022

*Eric LaPrairie*

_____
SignNow e-signature ID: 3ff16889b8...
08/05/2022 00:08:24 UTC

THOMAS & SOLOMON LLP, Class Counsel (as to form only)

Dated: August __, 2022

_____

By:             Jessica Lukasiewicz
Title:          Partner
Address:        693 East Avenue
                Rochester, New York 14607
Phone: (585) 272-0540
Fax:            (585) 272-0574
Email: jlukasiewicz@theemploymentattorneys.com

PRESIDIO, INC.

Dated: August __, 2022

_____

Name: _____

Title:          _____

PRESIDIO HOLDINGS INC.

Dated: August __, 2022

_____

Name: _____

Title:          _____

## <u>SIGNATURES OF THE PARTIES</u>

ERIC LAPRAIRIE

Dated: August __, 2022

_____

THOMAS & SOLOMON LLP, Class Counsel (as to form only)

Dated: August 04 __, 2022

_____

By:       Jessica L. Lukasiewicz
          SignName and U pload Fields
          08/05/2022 01:48:09 UTC
Title:    Partner
Address:  693 East Avenue
          Rochester, New York 14607
Phone:    (585) 272-0540
Fax:      (585) 272-0574
Email:    jlukasiewicz@theemploymentattorneys.com

PRESIDIO, INC.

Dated: August __, 2022

_____

Name: _____

Title:       _____

PRESIDIO HOLDINGS INC.

Dated: August __, 2022

_____

Name: _____

Title:       _____

## <u>SIGNATURES OF THE PARTIES</u>

ERIC LAPRAIRIE

Dated: August __, 2022

_____

THOMAS & SOLOMON LLP, Class Counsel (as to form only)

Dated: August __, 2022

_____

By:             Jessica Lukasiewicz
Title:          Partner
Address:        693 East Avenue
                Rochester, New York 14607
Phone: (585) 272-0540
Fax:            (585) 272-0574
Email: jlukasiewicz@theemploymentattorneys.com

PRESIDIO, INC.

Dated: August <u>4</u>, 2022

_____

Name: ___Elliot Brecher_____

Title:      ___SVP & General Counsel___

PRESIDIO HOLDINGS INC.

Dated: August <u>4</u>, 2022

_____

Name: ___Elliot Brecher_____

Title:      ___SVP & General Counsel___

PRESIDIO LLC

Dated: August 4, 2022

Name: Elliot Brecher

Title: SVP & General Counsel

PRESIDIO NETWORKED SOLUTIONS LLC

Dated: August 4, 2022

Name: Elliot Brecher

Title: SVP & General Counsel

PRESIDIO NETWORKED SOLUTIONS GROUP, LLC

Dated: August 4, 2022

Name: Elliot Brecher

Title: SVP & General Counsel

PRESIDIO TECHNOLOGY CAPITAL, LLC

Dated: August 4, 2022

Name: Elliot Brecher

Title: SVP & General Counsel

GORDON REES SCULLY MANSUKHANI, LLP, Counsel for Presidio (as to form only)

Dated: August 4 , 2022

Brian Middlebrook

By:          Brian Middlebrook
Title:        Partner
Address:    One Battery Park Plaza, 28th Floor
            New York, New York 10004
Phone: (212) 269-5500
Fax:         (212) 269-5505
Email: bmiddlebrook@grsm.com

# Exhibit 1

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

*LaPrairie, et al. v. Presidio, Inc., et al.,* Case No. 1:21-cv-08795

**CLAIM FORM**

If you were notified by Presidio that your personal information was or may have been compromised in the data security incident in or about March 2020 (the "Data Incident"), you may submit a claim for one or more of the following benefits:

1. **Credit Monitoring**.  You can enroll in TransUnion *my*TrueIdentity protection services for a period of two (2) years.  The two years of service is above and beyond any services previously offered by Presidio following the Data Incident.  TransUnion *my*TrueIdentity includes credit monitoring from one bureau, access to credit reports, and $1 million in identity theft insurance.

2. **Reimbursement for Out-of-Pocket Losses.**  If you incurred expenses that are fairly traceable to the Data Incident, such as money spent remedying identity theft or identity fraud or freezing/unfreezing credit reports with any credit reporting agency, you can be reimbursed up to $500.  You must submit documents supporting your claim, including denial of the claim by TransUnion *my*TrueIdentity.

3. **Reimbursement for Attested Time**.  If you spent time remedying issues related to identify theft directly caused by the Data Incident, you can recover up to four (4) total hours $15 per hour for a total of $60.

**NOTE: The Reimbursement for Out-of-Pocket Losses and Reimbursement for Attested Time claims are subject to a combined $500 aggregate cap.**

**Submit this claim form via [SETTLEMENT WEBSITE] or mail this claim form to [SETTLEMENT ADMINISTRATOR ADDRESS] postmarked no later [75 days after Notice Deadline].  Additional Instructions on Page 2.**

The settlement notice describes your legal rights and options.  The detailed Notice and Settlement Agreement are available at [WEBSITE] or by calling [SETTLEMENT NUMBER].  This Claim Form is subject to the terms and conditions in the Settlement Agreement and, to the extent inconsistent, the terms and conditions in the Settlement Agreement control.

*Si necesita ayuda en español, comuníquese con el administrador al [insertar número].*

**NOTE: YOU MUST SIGN THE CLAIM FORM AT THE BOTTOM OF PAGE 4 IN ORDER TO HAVE A VALID CLAIM.**

## A.   CONTACT INFORMATION (*Please fill in completely*)

Name: _____

Address: _____

City, State, Zip Code: _____

Email Address: _____

---

**INSTRUCTIONS:**

Please review the notice and Section II of the Settlement Agreement (available at [WEBSITE]) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as possible to help us figure out of if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box(es) for each category of benefits you would like to claim.  Categories include:

(1) two years of TransUnion credit monitoring and identity protection services to be paid for by Presidio (Note: if you previously signed up for monitoring when initially notified about the Data Incident, you are still eligible to submit a claim for two additional years of monitoring);

(2) out-of-pocket losses that you had to pay as a result of the Data Incident (up to $500); and

(3) time you had to spend dealing with the effects of the Data Incident.

**You may check more than one box, and may check all three if applicable.  As noted below, please be sure to fill in the total amount you are claiming for each category and attach documentation of those charges.  If you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions.**

---

## A.   CREDIT MONITORING (*Check box if you want this benefit*)

_____ I would like to claim 2 years of credit monitoring and identity theft        protection services.

The Settlement requires Presidio to provide two years of credit monitoring and identity protection services through TransUnion *my*TrueIdentity to any class member who timely claims it. The two years of service is above and beyond any services previously offered by Presidio following the Data Incident.  TransUnion *my*TrueIdentity includes credit monitoring from one bureau, access to credit reports, and $1 million in identity theft insurance.

**NOTE: YOU MUST SIGN THE CLAIM FORM AT THE BOTTOM OF PAGE 4 IN ORDER TO HAVE A VALID CLAIM.**

**B.    REIMBURSEMENT FOR OUT-OF-POCKET LOSSES** (*Check box if you want this benefit*)

\_\_\_\_\_ I incurred unreimbursed charges as a result of the Data Incident.

Examples – Unreimbursed costs, expense, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information; costs incurred on or after March 5, 2020 associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency through [75 days after Notice Deadline]; and miscellaneous expenses such as notary, fax, postage, copying, mileage and long-distance telephone charges that were incurred on or after March 5, 2020 through [75 days after Notice Deadline].

Total amount for this category:        $_____

**If you are seeking reimbursement for fees, expenses, or charges, you <u>must</u> attach a copy of a statement from the company that charged you, or a receipt of the amount you incurred.** You may mark out any transactions that are not relevant to your claim before sending in the documentation.

**If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between March 5, 2020 and [75 days after Notice Deadline], please attach a copy of a receipt or other proof of purchase for each credit report or product purchased.  Note: by claiming reimbursement for this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose.**

**C.    REIMBURSEMENT FOR ATTESTED TIME** (*Check box if you want this benefit*)

\_\_\_\_\_ I certify that I spent time dealing with the effects of the Data Incident.

Examples: You spent time calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed.

I certify that I spent the following amount of time in response to the Data Incident:

\_\_\_\_ hours _____minutes (up to four hours)

Provide a brief description of the activities performed (identify what you did):

_____
_____
_____
_____

**NOTE: YOU MUST SIGN THE CLAIM FORM AT THE BOTTOM OF PAGE 4 IN ORDER TO HAVE A VALID CLAIM.**

**D.     SIGNATURE** (*Please sign and date*)

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____          _____
Signature                                                              Date

*Typing your name constitutes your legal signature,*
*in the same manner as if you signed by hand*

---

**THIS CLAIM FORM MUST BE COMPLETED, SIGNED, AND SUBMITTED TO THE SETTLEMENT ADMINISTRATOR AS FOLLOWS:**

**POSTMARKED BY [75 days after Notice Deadline] AND MAILED TO [SETTLEMENT ADMINISTRATOR      ADDRESS];**

**EMAILED BY 11:59 pm (EASTERN TIME ZONE) ON [75 days after Notice Deadline] TO [EMAIL ADDRESS]; OR**

**SUBMITTED THROUGH THE SETTLEMENT WEBSITE BY 11:59 pm (EASTERN TIME ZONE) ON [75 days after Notice Deadline] AT [WEBSITE].**

IF YOU HAVE ANY QUESTIONS ABOUT THIS LAWSUIT, YOUR RIGHTS, OR COMPLETING THIS CLAIM FORM, PLEASE CONTACT CLASS COUNSEL AT ContactUs@theemploymentattorneys.com or 585-272-0540.

# Exhibit 2

## E-Mail Notice

To: [Class Member]
From: [ADMINISTRATOR]
Subject: Legal Notice of Settlement of Class Action and Applicable Deadlines

---

*A Court directed this Notice. This is not a solicitation from a lawyer.*

YOU ARE ELIGIBLE FOR UP TO TWO ADDITIONAL YEARS OF CREDIT
MONITORING AND YOU MAY ALSO BE ELIGIBLE TO RECEIVE CASH PAYMENTS.

*Si necesita ayuda en español, comuníquese con el administrador al [insertar número].*

**TO: All individuals who were notified by Presidio that their personal information was or may have been compromised in the Data Incident that occurred in or about March 2020.**

A class action settlement has been proposed in litigation against Presidio relating to a data security incident that occurred in or around March 2020 ("Data Incident"). The case is known as *LaPrairie et al. v. Presidio, Inc. et al*, Case No. 6:21-cv-08795 in the United States District Court, Southern District of New York. Presidio denies all of the claims. You are receiving this notice because Presidio's records show that your personal information may have been compromised in the Data Incident. **The easiest way to submit a claim under the settlement is online at [website].**

**Please read the detailed Class Notice and proposed settlement at [website] to fully understand your legal rights and options.**

**Under the terms of the settlement, you could be eligible to receive:**

Identity Theft Protection Coverage: You can sign up for two (2) years of theft protection coverage through TransUnion *my*TrueIdentity. In fact, you are entitled to this coverage even if you previously signed up for identity theft protection through Presidio following the Data Incident.

Other Benefits: You may also be eligible to receive Reimbursement for Out-of-Pocket Losses and/or Reimbursement for Attested Time caused by the Data Incident. Further information about these benefits and whether you are eligible to receive them can be found at [website].

**THE ONLY WAY TO RECEIVE A BENEFIT IS TO FILE A CLAIM. To be eligible to receive these benefits, you must submit a completed Claim Form by [75 days after notice is mailed/emailed]. You can access the Claim Form online at [website].**

Additional Information:

If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue for the claims resolved by this Settlement.

To object to the proposed settlement, please review Section 7 of the detailed Class Notice at [HYPERLINK].  To opt-out of the proposed Settlement, please review Section 8 of the detailed Class Notice at [HYPLERLINK].  The deadline for objecting to the proposed settlement or opting out of the settlement is [75 DAYS FROM THE NOTICE DATE].

The Court will hold a hearing on [DATE] to consider whether to approve the Settlement and whether to award up to $400,000 in attorneys' fees and expenses to Class Counsel and $3,000 in a service award to the Class Representative.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

This is only a summary.  For more information, please call [PHONE NUMBER] or visit [WEBSITE].  If you have questions or concerns, you can contact Class Counsel at ContactUs@theemploymentattorneys.com  or at 585-272-0540.  You can also contact the Settlement Administrator at [INSERT].

# Exhibit 3

# If you were notified by Presidio regarding the March 2020 Data Incident, you may be entitled to benefits from a class action Settlement.

*A Court directed this notice.  This is not a solicitation from a lawyer.*

*Si necesita ayuda en español, comuníquese con el administrador al [insertar número].*

**YOU ARE ELIGIBLE FOR UP TO TWO ADDITIONAL YEARS OF CREDIT MONITORING AND YOU MAY ALSO BE ELIGIBLE TO RECEIVE CASH PAYMENTS.**

A class action settlement has been reached in litigation against Presidio, Inc., Presidio Holdings Inc., Presidio LLC, Presidio Networked Solutions LLC, Presidio Networked Solutions Group, LLC and Presidio Technology Capital, LLC (collectively "Presidio") relating to a data security incident that occurred in or about March 2020 (the "Data Incident").  The case is known as *LaPrairie, et al. v. Presidio, Inc., et al.*, Case No. 1:21-cv-08795-JFK in the Southern District of New York.  Presidio denies all of the claims.  The proposed Settlement will provide benefits to Class Members whose personal information may have been affected by the Data Incident.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE PROPOSED SETTLEMENT | |
|---|---|
| **Do Nothing** | By doing nothing, you will be foregoing the ability to now obtain two (2) years of identity theft protection.  If you have already signed up for identity theft protection in response to the initial notice of the Data Incident, you are giving up the ability to extend that coverage for an additional two (2) years.<br><br>You will also be giving up the ability to receive other benefits available under the Settlement, should it be approved.  These benefits are reimbursement for out-of-pocket losses and reimbursement for attested time.<br><br>You are also relinquishing any rights you may have to sue Presidio regarding the Data Incident. |
| **Timely Submit Claim Form(s)** | To be eligible to receive benefits under the Settlement, you must submit a Claim Form by [75 days after Notice Deadline]. |

1

| | |
|---|---|
| **Object to the Settlement** | Submit an objection to the Court by [75 days after Notice Deadline], to let the Court know you disagree with some or all of the terms of the proposed Settlement.  You can still submit Claim Forms if you object to the proposed Settlement.   If the Court approves the Settlement, you will be bound by the Court's decision and the Settlement Agreement. |
| **Opt-out of the Settlement** | Submit an Opt-Out Statement by [75 days after Notice Deadline], to be excluded from the Settlement.  If you opt out of the Settlement, you forfeit any rights to Settlement benefits. You will retain any right you may have to sue Presidio regarding the Data Incident. |

**This Notice explains these rights and options and the deadlines to exercise them.  The Court still has to decide whether to approve this Settlement. Benefits for valid claims will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.**

### BASIC INFORMATION

| 1. | What is this lawsuit about? |
|---|---|

On March 13, 2020, Presidio discovered it was the victim of a Data Incident.  An unknown third-party gained unauthorized access to Presidio's software and/or systems, which may have resulted in the disclosure of employees and former employees' information, including names, Social Security numbers, compensation and tax information.  Presidio took immediate steps to remediate and investigate the Data Incident, and has notified current and former employees whose personal information may have been compromised in the Data Incident.

Thereafter, Eric LaPrairie filed a class action lawsuit alleging that he and other individuals were affected by the Data Incident.  Eric LaPrairie is the "Plaintiff" or "Class Representative" and he sued the Presidio "Defendants" on behalf of people who have similar claims (the "Class").  The lawsuit alleges Presidio did not adequately protect the Class Members personal information. Presidio denies all allegations of wrongdoing.

| 2. | Why is there a proposed Settlement? |
|---|---|

The Court did not reach a final decision in favor of the Class or Presidio.  Instead, both sides agreed to a proposed Settlement to resolve the lawsuit.  A settlement avoids the costs and uncertainty of a trial and related appeals, while providing benefits to the Class.

2

The Class Representative and Class Counsel believe the proposed Settlement is best for all members of the Class. The Court in charge of the lawsuit has granted preliminary approval of the proposed Settlement and has ordered that this notice be made available to explain it.

### 3.    Who does the proposed Settlement affect?

You are a Class Member and are affected by the proposed Settlement if you were notified by Presidio that your personal information may have been compromised in the Data Incident that occurred in or about March 2020. The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Settlement Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

If you have questions about whether you are a Class Member, you may contact the Settlement Administrator at [phone number] or Class Counsel (see Question 10 below).

If you are a Class Member, you are eligible to obtain benefits under the proposed Settlement. The available benefits and process for submitting claims to receive benefits are described in Questions 4 and 6 below.

### 4.    What benefits are provided?

The Settlement provides the following benefits:

**Identity Protection Services**.

Members of the Class can elect to enroll in TransUnion *my*TrueIdentity identity protection services for a total period of two (2) years. TransUnion *my*TrueIdentity includes credit monitoring from one bureau, access to credit reports, and $1 million in identity theft insurance.

In order to receive the credit monitoring and identity theft protection service, you must submit a valid Claim Form. If you previously signed up for identity protection coverage through Presidio after receiving the initial notice of the Data Incident, you must still submit a valid Claim Form in order to receive an additional two (2) years of identity theft protection coverage under the Settlement. If you did not previously sign up for identity protection services, and you submit a valid Claim Form, you will receive two (2) years of identity theft protection coverage.

**To be eligible to receive identity theft protection coverage, you must submit a completed Claim Form by [75 days after Notice Deadline].**

**Reimbursement for Out-of-Pocket Losses**.

If you incurred expenses that are fairly traceable to the Data Incident, that were not reimbursed another source, including but not limited to the TransUnion *my*TrueIdentity identity theft insurance or any other credit card, credit monitoring/identity protection or financial service, by submitting the Claim Form by the Claim Deadline, you can be reimbursed up to $500.   Examples of reimbursable Out-of-Pocket Losses include:

- costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information;
- costs incurred on or after March 5, 2020, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; or
- other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

If you submit a claim for Reimbursement of Out-of-Pocket Losses, you <u>must</u> provide the Settlement Administrator with your contact information as well as documents that show what happened and how much you lost or spent so that you can be repaid.  You must also state  whether you were reimbursed for the loss by another source.  Handwritten receipts are, by themselves, not enough to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

You can, but do not need to, submit a claim for Credit Monitoring in order to submit a claim for Reimbursement of Out-of-Pocket Losses.

A claim for Reimbursement of Out-of-Pocket Losses may be combined with a claim for Reimbursement of Attested Time (discussed below), but the maximum total amount of both of those combined claims is subject to an aggregate cap of $500.00.

**To be eligible to receive Reimbursement for Out-of-Pocket Losses, you must submit a completed Claim Form by [<mark>75 days after Notice Deadline</mark>].**

**Reimbursement for Attested Time**.

If you spent time remedying issues related to identify theft directly caused by the Data Incident, you can submit a claim for $15 per hour for up to four (4) total hours.

If you submit a claim for Reimbursement for Attested Time, you <u>must</u> provide the Settlement Administrator with your contact information as well as the actions you took in response to the Data Incident and the time each action took.

You can, but do not need to, submit a claim for Credit Monitoring in order to submit a claim for Reimbursement of Attested Time.

A claim for Reimbursement for Attested Time may be combined with a claim for Reimbursement of Out-of-Pocket Losses, but the maximum total amount of both of those combined claims is subject to an aggregate cap of $500.00.

**To be eligible to receive Reimbursement for Attested Time, you must submit a completed Claim Form by [75 days after Notice Deadline].**

**Confirmatory Discovery**.

As part of the settlement, Presidio has also agreed to provide reasonable access to confidential confirmatory discovery regarding the facts and circumstances of the Data Incident, Presidio's response thereto, and the changes and improvements that have been made or are being made to protect Settlement Class Members' personal information from further unlawful instructions, including, but not limited to:

1. Password changes.
2. Changes to multi-factor authentication requirements.
3. Updated reporting and monitoring of access to Presidio's HR application.
4. Updated employee training.

The Confirmatory Discovery will include, at a minimum:

1. Documentation regarding information security enhancements set forth above, including the costs to date associated with those enhancements;
2. The production of the current incident response plan;
3. Information regarding the updated employee training; and
4. Such other documents as necessary to establish to Class Counsel that Presidio has or will implement measures to prevent Settlement Class Members' personal information from further unlawful instructions.

| **5.   How will the proposed Settlement impact my legal rights?** |
| --- |

If the Court approves the proposed Settlement and you do not opt out of the Settlement, you will no longer be able to sue Presidio for claims relating to the Data Incident (see Question 8 below).

The Settlement Agreement describes the Released Claims specifically, so read it carefully. Section IV of the Settlement Agreement describes the specific claims you are giving up against Presidio. You will be releasing Presidio and all related people as described in Paragraph 48 of the Settlement Agreement. The Settlement Agreement is available at [insert website] or you can request a copy from the Settlement Administrator at [phone]. Talk to Class Counsel (see Question 10 in the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the Released Claims or what they mean.

**SUBMITTING THE CLAIM FORMS TO PARTICIPATE IN THE SETTLEMENT**

| 6. How do I submit the Claim Forms to receive the benefits of the proposed Settlement? |
| --- |

You must submit a Claim Form to receive Settlement benefits. The Claim Form must be submitted online [here] on [75 days after notice deadline] or by mail postmarked on or before [75 days after notice deadline].

You can access and submit the Claim Forms online by going to [INSERT WEBSITE]. Alternatively, you can submit the Claim Forms by printing the forms from the Website or requesting paper copies from the Settlement Administrator, and mailing the completed Claim Forms to the Settlement Administrator at [SETTLEMENT ADMINISTRATOR ADDRESS].

**You must sign the Claim Forms.  If you submit your Claim Form(s) online, typing your name in the signature box will constitute your legal signature.**

If you move after submitting a Claim Form, it is your responsibility to provide your new address to the Settlement Administrator.  The Settlement Administrator will use the most recent address it has on file for providing benefits under the Settlement.

**OBJECTING TO THE PROPOSED SETTLEMENT**

| 7. How can I object? |
| --- |

As a Class Member, you can object to the proposed Settlement if you do not think the proposed Settlement is fair, reasonable, or adequate by filing a written objection.  You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement.  If the Court denies approval, the Class Members will not receive the benefits described in this notice, and the lawsuit will continue.

You may object to the proposed Settlement in writing and appear at the Final Approval Hearing, either in person or through your own attorney, at your own expense, if the Court allows.  If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must include:

  i.    the name of the proceedings ("*LaPrairie v. Presidio, Inc., et al.*");

  ii.   your full name, current mailing address, and telephone number;

  iii.  a statement of the specific grounds for the objection, as well as any documents supporting the objection;

  iv.   a statement as to whether the objection applies only to you, to a specific subset of the class, or to the entire class;

<ol type="i" start="5">
<li>the identity of any attorney(s) representing you;</li>
</ol>

<ol type="i" start="6">
<li>a statement regarding whether you (or your attorney) intends to appear at the Final Approval Hearing;</li>
</ol>

<ol type="i" start="7">
<li>all other cases in which you (or your attorney) have filed an objection to any other proposed class action settlement within the past three (3) years; and</li>
</ol>

<ol type="i" start="8">
<li>either your or your attorney's signature.</li>
</ol>

**CLASS MEMBERS MUST MAIL OBJECTIONS TO THE SETTLEMENT ADMINISTRATOR POSTMARKED BY [75 DAYS AFTER THE NOTICE DEADLINE].**

If you wish to be heard at the Final Approval Hearing, you must send a signed Notice of Intention to Appear to the Settlement Administrator no later than [seventy-five (75) days following the Notice Deadline (or other date required by the Court)].  The Notice of Intention to Appear must include the following:

<ol type="i">
<li>the name of this Action ("*LaPrairie v. Presidio, Inc., et al.*");</li>
</ol>

<ol type="i" start="2">
<li>your full name, address, and telephone number if you intend to appear at the Final Approval Hearing;</li>
</ol>

<ol type="i" start="3">
<li>the words "Notice of Intention to Appear" at the top of the document;</li>
</ol>

<ol type="i" start="4">
<li>the points you wish to speak about at the Final Approval Hearing; and</li>
</ol>

<ol type="i" start="5">
<li>the identity (name, address, and telephone number) of any lawyer who will speak on your behalf.</li>
</ol>

If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement that you qualify for, but you must submit a valid Claim Form to do so (see Question 6 above).  Submitting a Claim Form does not waive your objection to the Settlement.

If you want to keep the right you may have, if any, to sue Presidio based on the Data Incident, you must exclude yourself from the Settlement Class, as described below in Question 8.

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

**8. How do I opt out of the proposed Settlement?**

To opt out and not be part of the Class, you must mail a letter to the Settlement Administrator stating that you wish to do so.

Your opt-out request should state: "I request that I be excluded from the settlement class in *LaPrairie v. Presidio, Inc., et al.*, and do not wish to participate in the Settlement."  The letter must include: (1) your full name and current address; and (2) your signature.  Your request for exclusion must be postmarked no later than [75 days after Notice Deadline] and must be mailed to:

[SETTLEMENT ADMINISTRATOR ADDRESS]

**REQUESTS TO OPT-OUT THAT ARE NOT POSTMARKED ON OR BEFORE [DATE] WILL NOT BE HONORED.**

If you opt-out of the Settlement, you cannot also object to the Settlement.

| 9. If I do not exclude myself, can I sue Presidio for the same thing later? |
| --- |

No.  If you do not exclude yourself from the Settlement, and the Court approves the proposed Settlement, you give up the right you may have, if any, to sue Presidio and the Released Persons for any claims arising out of the Data Incident.  See the answer to Question 5 above.

### THE LAWYERS REPRESENTING YOU

| 10. Do I have a lawyer in the case? |
| --- |

The Court has appointed the following lawyers to represent you and the other Settlement Class Members:

**J. Nelson Thomas**
**Jessica L. Lukasiewicz**
**Jonathan W. Ferris**
Thomas & Solomon, LLP
693 East Avenue
Rochester, NY 14607

These lawyers are called Class Counsel. Class Members will not be charged by these lawyers for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

You can contact Class Counsel at 585-272-0540 or at ContactUs@theemploymentattorneys.com.

| 11. How will the lawyers be paid? |
| --- |

Any attorneys' fees and expenses approved by the Court will be paid by Presidio, and the amount of any such award will not affect the benefits to be provided to eligible Settlement Class Members as described above. Class Counsel will ask the Court to award up to $400,000 for attorneys' fees and costs to Class Counsel.  Presidio has agreed not to oppose the request for the award up to this amount.  The Court may award less than this amount.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing on [DATE] in Courtroom _____ at the Daniel Patrick Moynihan United States Courthouse of the Southern District of New York, 500

Pearl St., New York, NY 10007, or the hearing may be conducted virtually by online or telephonic means.  The date of the hearing may change. If you plan to attend, please check the Settlement website at [WEBSITE].  If the hearing is conducted virtually, instructions for how Class Members may attend the hearing will be posted at [WEBSITE].

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them. The Court may listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much Class Counsel will receive as attorneys' fees and expenses, as well as whether the Class Representative will receive a service award up to $3,000 for his services. At or after the hearing, the Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

**YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.**

## IF YOU DO NOTHING

| **12.   What happens if I do nothing?** |
| --- |

If you do nothing, you will be included in the Settlement Class, and will not be able to pursue any other lawsuit against Presidio and the Released Persons concerning or relating to the Data Incident. If you previously signed up for identity protection services when offered by Presidio, you will not receive any further benefits other than the identity protection services you have already received. If you did not previously sign up for identity protection services, and you do nothing, you will not receive any further benefits from the Settlement.

## MODIFICATION OF AGREEMENT

| **13.   Can the Settlement Agreement be Modified?** |
| --- |

Prior to entry of the Final Approval Order and Judgment, this Agreement may, with approval of the Court, be modified by written agreement of the Parties or their counsel, who may only sign with the permission of their clients, without giving any additional notice to the Settlement Class, provided that such modifications are not materially adverse to the Settlement Class. To the extent that Class Members desire to be notified regarding any additional changes as described in this paragraph, or otherwise after the initial notice of the Settlement, the preliminary approval hearing and the Final Approval Hearing, they must file with the Settlement Court in this Action a request for notice, or send such a request in writing to the Settlement Administrator or Class Counsel, who shall maintain a list of all such requests that are received. Class Members who have and who provide an e-mail address agree to electronic notification.

## GETTING MORE INFORMATION

| **14.   Are there more details about the proposed Settlement?** |
| --- |

This notice summarizes the proposed Settlement.  For precise terms and conditions of the Settlement, please see the Settlement Agreement available at [settlement website]. This Notice is

subject to the terms and conditions in the Settlement Agreement and, to the extent inconsistent, the terms and conditions in the Settlement Agreement control.

**PLEASE DO NOT CONTACT PRESIDIO, THE COURT, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS. CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR ARE AVAILABLE TO ASSIST YOU SHOULD YOU HAVE ANY QUESTIONS.**

# Exhibit 4

**BACK SIDE**

TO: ALL INDIVIDUALS WHO WERE NOTIFIED BY PRESIDIO THAT THEIR PERSONAL INFORMATION MAY HAVE BEEN COMPROMISED IN A DATA INCIDENT THAT OCCURRED IN MARCH 2020.

A class action settlement has been proposed in litigation against Presidio relating to a data security incident that occurred in or about March 2020 ("Data Incident"). The case is known as *LaPrairie et al. v. Presidio, Inc. et al*, Case No. 6:21-cv-08795 in the United States District Court, Southern District of New York. Presidio denies all of the claims. You are receiving this notice because Presidio's records show that your personal information may have been compromised in the Data Incident. **The easiest way to submit a claim under the settlement is online at [website].**

Please read the Class Notice and proposed settlement at [website] to fully understand your legal rights and options.

Under the terms of the settlement, you are eligible to receive:

<u>Identity Theft Protection Coverage</u>: You can sign up for two (2) years of credit monitoring and identity theft protection through TransUnion *my*TrueIdentity. In fact, you are entitled to this coverage even if you previously signed up for identity theft protection offered by Presidio following the Data Incident.

<u>Other Benefits:</u> You may also be eligible to receive Reimbursement for Out-of-Pocket Losses and/or Reimbursement for Attested Time caused by the Data Incident. Further information about these benefits and whether you are eligible to receive them can be found at [website].

**To be eligible to receive benefits under the settlement, you must submit a completed Claim Form by [75 days after notice is mailed/emailed]. You can access the Claim Form online at [website]**.

Information on how to object or opt out of the proposed settlement can be found in Sections 7 and 8, respectively, of the Class Notice available at [website]. The deadline for opting out or objecting to the proposed settlement is [75 days from the notice date].

The Court will hold a hearing on [Date] to consider whether to approve the settlement and whether to award up to $400,000 in attorneys' fees and expenses to Class Counsel and $3,000 to the Class Representative for his service.

If you have any questions or concerns, you can contact Class Counsel at ContactUs@theemploymentattorneys.com or 585-272-0540. You may also contact the Settlement Administrator at [INSERT].

Front Side

*Settlement Administrator*
**Address**
**Address**
**City, State Zip Code**

First Class
U.S. Postage
Here

A COURT DIRECTED THIS
NOTICE. THIS IS NOT A
SOLICITATION FROM A
LAWYER.

YOU ARE NOW ELIGIBLE FOR
TWO YEARS OF CREDIT
MONITORING (EVEN IF YOU
RECEIVED MONITORING
THROUGH PRESIDIO
PREVIOUSLY) AND YOU MAY
BE ENTITLED TO CASH
PAYMENTS.

Class Member
 Address

# Exhibit 5

**BACK SIDE**

### <u>YOU MAY BE ELIGIBLE TO NOW RECEIVE TWO YEARS OF CREDIT MONITORING AND UP TO $500 IN CASH PAYMENTS</u>

A class action settlement has been reached in a class action lawsuit pending in the Southern District of New York. The case is known as *LaPrairie et al. v. Presidio, Inc. et al*, Case No. 6:21-cv-08795 in the United States District Court, Southern District of New York.  Presidio denies all of the claims.  You are receiving this notice because Presidio's records show that your personal information may have been compromised.  **The easiest way to submit a claim under the settlement is online at [website].**

<u>Identity Theft Protection Coverage</u>: You can sign up for two (2) years of credit monitoring and identity theft protection through TransUnion *my*TrueIdentity.  In fact, you are entitled to this coverage even if you previously signed up for identity theft protection offered by Presidio following the Data Incident in March 2020.

<u>Other Benefits:</u>  You may also be eligible to receive Reimbursement for Out-of-Pocket Losses and/or Reimbursement for Attested Time caused by the Data Incident.  Further information about these benefits and whether you are eligible to receive them can be found at [website].

**To be eligible to receive these benefits, you must submit a completed Claim Form by [75 days after notice is mailed/emailed].**  You can access the Claim Form online at [website].

Information on how to object or opt out of the proposed settlement can be found in Sections 7 and 8, respectively, of the Class Notice available at [website].  The deadline for opting out or objecting to the proposed settlement is [75 days from the notice date].

The Court will hold a hearing on [Date] to consider whether to approve the settlement and whether to award up to $400,000 in attorneys' fees and expenses to Class Counsel and $3,000 to the Class Representative for his service.

If you have any questions or concerns, you can contact Class Counsel at ContactUs@theemploymentattorneys.com or 585-272-0540. You may also contact the Settlement Administrator at [INSERT].

*Settlement Administrator*
**Address**
**Address**
**City, State Zip Code**

First Class
U.S. Postage
Here

A COURT DIRECTED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM
A LAWYER.

YOU ARE NOW ELIGIBLE FOR TWO
YEARS OF CREDIT MONITORING
(EVEN IF YOU RECEIVED
MONITORING THROUGH PRESIDIO
PREVIOUSLY) AND YOU MAY BE
ENTITLED TO CASH PAYMENTS.

CLASS MEMBER
ADDRESS

# Exhibit 6

**<u>Reminder E-Mail Notice</u>**

To: [Class Member]
From: [ADMINISTRATOR]
Subject: Legal Notice of Settlement of Class Action and Applicable Deadlines

---

*A Court directed this Notice. This is not a solicitation from a lawyer.*

YOU ARE ELIGIBLE FOR UP TO TWO ADDITIONAL YEARS OF CREDIT
MONITORING AND YOU MAY ALSO BE ELIGIBLE TO RECEIVE CASH PAYMENTS.

*Si necesita ayuda en español, comuníquese con el administrador al [insertar número].*

**TO: All individuals who were notified by Presidio that their personal information was or may have been compromised in the Data Incident that occurred in or about March 2020.**

A class action settlement has been proposed in litigation against Presidio relating to a data security incident that occurred in or around March 2020 ("Data Incident"). The case is known as *LaPrairie et al. v. Presidio, Inc. et al*, Case No. 6:21-cv-08795 in the United States District Court, Southern District of New York. Presidio denies all of the claims. You are receiving this notice because Presidio's records show that your personal information may have been compromised in the Data Incident.

**The easiest way to submit a claim under the settlement is online at [website].**

**Please read the detailed Class Notice and proposed settlement at [website] to fully understand your legal rights and options.**

**Under the terms of the settlement, you could be eligible to receive:**

<u>Identity Theft Protection Coverage</u>: You can sign up for two (2) years of theft protection coverage through TransUnion *my*TrueIdentity. In fact, you are entitled to this coverage even if you previously signed up for identity theft protection through Presidio following the Data Incident.

<u>Other Benefits</u>: You may also be eligible to receive Reimbursement for Out-of-Pocket Losses and/or Reimbursement for Attested Time caused by the Data Incident. Further information about these benefits and whether you are eligible to receive them can be found at [website].

**THE ONLY WAY TO RECEIVE A BENEFIT IS TO FILE A CLAIM. To be eligible to receive these benefits, you must submit a completed Claim Form by [75 days after notice is mailed/emailed]. You can access the Claim Form online at [website].**

Additional Information:

If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue for the claims resolved by this Settlement.

To object to the proposed settlement, please review Section 7 of the detailed Class Notice at [HYPERLINK].  To opt-out of the proposed Settlement, please review Section 8 of the detailed Class Notice at [HYPLERLINK].  The deadline for objecting to the proposed settlement or opting out of the settlement is [75 DAYS FROM THE NOTICE DATE].

The Court will hold a hearing on [DATE] to consider whether to approve the Settlement and whether to award up to $400,000 in attorneys' fees and expenses to Class Counsel and $3,000 in a service award to the Class Representative.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

This is only a summary.  For more information, please call [PHONE NUMBER] or visit [WEBSITE].  If you have questions or concerns, you can contact Class Counsel at ContactUs@theemploymentattorneys.com or at 585-272-0540.  You can also contact the Settlement Administrator at [INSERT].

# Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **ERIC LAPRAIRIE, on behalf of himself and all other employees similarly situated,** |
| |
| *Plaintiffs,* |
| |
| **vs.** |
| |
| **PRESIDIO, INC., PRESIDIO HOLDINGS, INC., PRESIDIO LLC, PRESIDIO NETWORKED SOLUTIONS LLC, PRESIDIO NETWORKED SOLUTIONS GROUP, LLC, and PRESIDIO TECHNOLOGY CAPITAL, LLC,** |
| |
| *Defendants.* |

**Case No. 1:21-cv-08795-JFK**

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM

WHEREAS, a putative class action is pending before the Court entitled *LaPrairie et al., v. Presidio, Inc.*, Case No. 1:21-cv-08795;

WHEREAS, Eric LaPrairie ("Plaintiff" or "Settlement Class Representative"), for himself and on behalf of the Settlement Class, and Presidio, Inc., Presidio Holdings Inc., Presidio LLC, Presidio Networked Solutions LLC, Presidio Networked Solutions Group, LLC and Presidio Technology Capital, LLC ("Presidio" or "Defendants"), have agreed to settle Plaintiff's claims related to a cyberattack perpetrated against Presidio, which occurred on or about March 5, 2020 (the "Data Incident");

WHEREAS, the Parties' Class Action Settlement Agreement and Release ("Settlement Agreement"), together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiff seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.      Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Action, the Plaintiff, the Class, and Defendants, and venue is proper in this Court.

**<u>Settlement Class Certification</u>**

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Class consisting of the following:

> All individuals who were notified by Presidio that their personal information may have been compromised in the Data Incident that occurred in or about March 2020. The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Settlement Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

4.      The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of the settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

5.      The Court provisionally finds, for settlement purposes only, that: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law

and fact common to the Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Class as Settlement Class Representative has no interest antagonistic to or in conflict with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

6.      The Court hereby appoints Plaintiff Eric LaPrairie as Settlement Class Representative. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that he will be an adequate Settlement Class Representative.

7.      The Court hereby appoints Thomas & Solomon LLP as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4), finding that class counsel is well-qualified and experienced.

**Preliminary Approval**

8.      Plaintiff has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendants.  The Court, having read and considered the Settlement Agreement and having received the Parties' arguments in support of the Settlement Agreement, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing.

9.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Defendants.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class.   The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of experienced mediators, Rodney Max, Esq. and Bennett G. Picker, Esq.; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23; and (d) is not a finding or admission of liability by Defendants.

**Notice and Administration**

10.      Postethwaite & Netterville is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

11.      The Court finds that the Notice and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 through 6 thereto (the "Notice Program") is reasonably calculated to, under the circumstances, apprise the members of the Class of the pendency of this action, the certification of the Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class.  The Notice Program is consistent with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

12.    The Court thus hereby approves the Notice Program, including the proposed Notice documents attached as Exhibits 2 through 6 to the Settlement Agreement.  The Court also approves the plan for claims administration, including the Claim Form attached as Exhibit 1 to the Settlement Agreement. The Parties may, by agreement, revise the Notice and Claims Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.    Within seven (7) business days of entry of the Preliminary Approval Order, Presidio shall provide the Settlement Administrator with a list of the names, last known mailing addresses, and electronic mail addresses of the Class Members.

14.    Pursuant to the Settlement Agreement, after the entry of this Preliminary Approval Order, and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, Presidio shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows:

a       Within twenty-one (21) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send Settlement Electronic Notice to the Class Members by email (with read receipt requested), where valid email addresses are available. Where valid email addresses are not available or for whom the Settlement Administrator did not receive a read receipt, the Settlement Administrator shall send Settlement Postcard Notice by U.S. Mail.  Email addresses shall include work email addresses for current employees, but when possible, personal email addresses should be used. Where a valid email address is not available, the Settlement Administrator shall run such Class Members' names through the National Change of Address Program and then mail Settlement Postcard Notice to each Class Member.  For anyone with a valid email address, but who has not indicated read receipt within seven (7) days of being emailed, the Settlement Administrator shall send Settlement Postcard Notice. If the mailing of a Settlement Postcard Notice is returned as undeliverable, the Settlement Administrator will make reasonable efforts to identify a new address for that Class Member, including, but not limited to, skip-tracing, and promptly re-send the Settlement Postcard Notice to the identified new address, if any.

b        Forty-five (45) days after the Settlement Administrator sends the Settlement Postcard Notice and Settlement Electronic Notice, the Settlement Administrator shall provide the Settlement Reminder Electronic Notice to all Class Members in which the Settlement Administrator received a read receipt on the initial Settlement Electronic Notice.  In the event the Settlement Administrator ultimately mailed a Settlement Postcard Notice to a Class Member, the reminder notice should be sent via Settlement Reminder Postcard Notice. Once again, if the Settlement Administrator does not receive a read receipt from any Class Members within seven (7) days, a Settlement Reminder Postcard Notice will be mailed.

c        A copy of the Settlement Long Form Notice will be made available to the Class Members on the Settlement website to be maintained by the Settlement Administrator. The website shall be maintained for no less than one month after the Effective Date. The website includes copies of the Complaint, Settlement Agreement, Motion for Preliminary Approval, Preliminary Approval Order, Settlement Long-Form Notice, Claim Form, motions for Class Counsel's attorneys' fees, expenses, Motions for Final Approval, and Order and Final Judgment. The website shall also provide applicable Settlement deadlines and answers to frequently asked questions.

d        The Settlement Administrator will provide a recorded phone line for any frequently asked questions, which will be agreed to by both Parties. In addition, the Settlement Administrator will provide an option to speak with a live customer service representative for the limited purpose of requesting a copy of any of the Settlement Long-Form Notice or Claim Forms.

15.    Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form. The deadline to submit a Claim Form is seventy-five days (75) days after the initial mailing of the Notice.

**<u>Exclusion</u>**

16.    Class Members who wish to exclude themselves from the Class for purposes of this Settlement may do so by submitting an opt-out request to the Settlement Administrator prior to the opt-out deadline to be specified in the Settlement Electronic Notice and Settlement Postcard Notice which date shall be seventy-five (75) days from the date the Settlement Postcard Notice is scheduled to be mailed by the Settlement Administrator.  The opt-out request must comply with the exclusion procedures set forth in the Settlement Agreement.  Each Class Member desiring to

exclude him or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the Settlement Postcard Notice and/or Settlement Electronic Notice. The written notice must clearly manifest the intent to opt-out from the Settlement Class and must include: (i) the name of the Action ("*LaPrairie v. Presidio, Inc.*"); (ii) the full name, address, and telephone number of the person requesting to be excluded; (iii) the words "*Request for Exclusion*" at the top of the document; and (iv) a declaration stating that "I request that I be excluded from the Settlement Class in *LaPrairie v. Presidio, Inc.*, and do not wish to participate in the settlement.  I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the Settlement." A request for exclusion may not request exclusion of more than one member of the Class.  Mass opt-outs are not permitted.

17.     Any member of the Class who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement.  Any member of the Class who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment.

**Objections**

18.     Any member of the Class who has not timely filed an opt-out request may object to the granting of final approval to the settlement. Any Class Member may object on their own or may do so through separate counsel at their own expense. Any objection must be mailed to the Settlement Administrator, no later than seventy-five (75) days from the date the Settlement Postcard Notice is scheduled to be mailed by the Settlement Administrator.

19.     Any written objection to the Settlement must include: (i) the name of the proceedings ("*LaPrairie v. Presidio, Inc.*"); (ii) the Class Member's full name, current mailing

address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the past three (3) years; and (viii) the signature of the Class Member or the Class Member's attorney.

20.     In addition, any Class Member who wishes to be heard at the Final Approval Hearing, whether or not the Class Member opts out or objects to the Settlement, must send a signed Notice of Intention to Appear to the Settlement Administrator no later than seventy-five (75) days following the Notice Deadline (or other date required by the Court).  The Notice of Intention to Appear must include the following: (i) the name of this Action ("*LaPrairie v. Presidio, Inc.*"); (ii) the full name, address, and telephone number of the person intending to appear at the Final Approval Hearing; (iii) the words "Notice of Intention to Appear" at the top of the document; (iv) the points the person wishes to speak about at the Final Approval Hearing; and (v) the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

21.     Any member of the Class who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

**Fairness Hearing**

22.     A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on _____, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, or by videoconference or telephonic means, to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a service award to the Settlement Class Representative and in what amount. The Court may adjourn the Fairness Hearing without further notice to Class Members. If the Court chooses to hold the Fairness Hearing by videoconference or telephonic means, notice will be posted on the Settlement Website, and the Parties shall provide such information to anyone who files a timely objection to the Settlement.

**Miscellaneous Provisions**

23.     To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Class Members, the Court hereby enjoins all members of the Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Class Member relating to, or arising out of, any of the Released Claims.

24.     Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25.     All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

26.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

27.     In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture in effect prior to entry of this Order.  Neither party, nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

28.     The Settlement Agreement is not a concession or admission, and shall not be used against Presidio or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Presidio or any of the Released Parties.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

a     Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by Presidio or any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or

b        Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of settling the Action pursuant to the Settlement Agreement and by the Parties for purposes of enforcing the Settlement Agreement.

**<u>Summary of Deadlines</u>**

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Completion Deadline:** 21 days after Preliminary Approval

**Motion for Final Approval:** 7 days before Final Approval Hearing

**Motion for Service Awards, Attorneys' Fees and Costs:** 14 days prior to the Opt-Out Deadline and Objection Deadline

**Opt-Out Deadline:** 75 days after Preliminary Approval

**Objection Deadline:** 75 days after Preliminary Approval

**Claims Deadline:** 75 days after Notice Deadline

**Final Approval Hearing:** at least 110 days after Preliminary Approval

**IT IS SO ORDERED** this ___ day of _____, 2022.

_____
Hon. John F. Keenan
United States District Judge

# Exhibit 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ERIC LAPRAIRIE, on behalf of himself and all other employees similarly situated,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**PRESIDIO, INC., PRESIDIO HOLDINGS, INC., PRESIDIO, LLC, PRESIDIO NETWORKED SOLUTIONS GROUP, LLC, and PRESIDIO TECHNOLOGY CAPITAL, LLC,**<br><br>*Defendants.* | Case No. 1:21-cv-08795-JFK |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** Plaintiff, by his attorneys, Thomas & Solomon LLP, having moved this Court for an Order granting final approval of class action settlement, and Presidio, through their attorneys, Gordon Rees Scully Mansukhani, LLP, having appeared at the hearing;

**WHEREAS,** this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("Action") on **[INSERT DATE]**, ("Preliminary Approval Order");

**WHEREAS,** notice to the class members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS, [XX]** Class Members submitted objections or Opt-Out Statements;

**NOW,** upon the reading of the Affirmation of **[INSERT ATTORNEY NAME]** executed on **[INSERT DATE]** and annexed exhibits and memorandum of law in support of plaintiffs' motion for final approval of class action settlement, and after hearing counsel for all of the parties at the **[INSERT FINAL APPROVAL HEARING DATE]** fairness hearing and after due

1

deliberation having been held thereon, the Court grants final approval of the Settlement Agreement, and hereby find and orders for purposes of settlement only:

1.　　　　Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2.　　　　This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members with respect to the following Class certified under Rule 23 of the Federal Rules of Civil Procedure:

> All individuals who were notified by Presidio that their personal information may have been compromised in the Data Incident that occurred in or about March 2020. The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Settlement Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

3.　　　　The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative.

4.　　　　An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court.  The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

5.      The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement.

6.      In accordance with Paragraph 38 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees and costs in the total amount of Four Hundred Thousand Dollars and Zero Cents ($400,000.00), to be paid as specified in the Settlement Agreement.

7.      In accordance with Paragraph 39 of the Settlement Agreement, Settlement Class Representative is hereby awarded Three Thousand Dollars and Zero Cents ($3,000.00), to be paid as specified in the Settlement Agreement.

8.      Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9.      Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims as set forth in the Settlement Agreement, which includes as follows:

> any and all known and unknown claims, rights, demands, actions, causes of action, private or other rights of action, allegations, or suits of whatever kind or nature based upon, relating to, concerning or arising from the Data Incident and alleged theft of personal identifiable information, protected health information, or any other personal information, or the allegations, facts or circumstances described in the Action, whether *ex contractu* or *ex delicto*, tort, statutory, common law or equitable, including but not limited to negligence, breach of express or implied contract, breach of the implied covenant of good faith and fair dealing, bad faith, violation of any federal or state statute or regulation in any jurisdiction, breach of confidence, bailment, breach of fiduciary duty, misrepresentation (whether fraudulent, negligent or innocent), any claims for damages, including punitive, special or exemplary damages, restitution, disgorgement, attorneys' fees, costs or expenses of suit, injunctive relief, declaratory relief, equitable relief, specific performance, or prejudgment or post-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, restitution, the appointment of a receiver, or any other form of relief, including Unknown Claims, that either has

3

been asserted, or could have been asserted, by any Class Member against any of the Released Persons. However, Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Agreement, and shall not include the Class Members who have timely and validly request exclusion from the Settlement Class.

10.     As of the final date of the Opt-Out Period, _____ potential Class Members have submitted a valid request to be excluded from the Settlement.  The names of those persons are set forth in Exhibit A to this Order.  Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

11.     The Court has considered all of the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12.     This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

13.     In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14.     The Court hereby find that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

Without affect the finality of this Judgment in any way, this Action shall remain open and the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement

4

Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

      **IT IS SO ORDERED** this ___ day of _____, 2022.

 

 

Hon. John F. Keenan
United States District Judge