UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC LAPRAIRIE, on behalf of himself and all other employees similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>PRESIDIO, INC., PRESIDIO HOLDINGS, INC., PRESIDIO, LLC, PRESIDIO NETWORKED SOLUTIONS GROUP, LLC, and PRESIDIO TECHNOLOGY CAPITAL, LLC,<br><br>*Defendants.* | Case No. 1:21-cv-08795-ALC |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** Plaintiff, by his attorneys, Thomas & Solomon LLP, having moved this Court for an Order granting final approval of class action settlement, and Presidio, through their attorneys, Gordon Rees Scully Mansukhani, LLP, having appeared at the hearing;

**WHEREAS,** this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("Action") on August 11, 2022 ("Preliminary Approval Order");

**WHEREAS,** notice to the class members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** no Class Members submitted objections or Request for Exclusion;

**NOW,** upon the reading of the Declaration of Jessica L. Lukasiewicz executed on December 1, 2022 and annexed exhibits and memorandum of law in support of plaintiffs' motion for final approval of class action settlement, and after hearing counsel for all of the parties at the December 8, 2022 fairness hearing and after due deliberation having been held

1

thereon, the Court grants final approval of the Settlement Agreement, and hereby find and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members with respect to the following Class certified under Rule 23 of the Federal Rules of Civil Procedure:

> All individuals who were notified by Presidio that their personal information may have been compromised in the Data Incident that occurred in or about March 2020. The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Settlement Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

3. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative.

4. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

5. The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement.

6. In accordance with Paragraph 38 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees and costs in the total amount of Four Hundred Thousand Dollars and Zero Cents ($400,000.00), to be paid as specified in the Settlement Agreement.

7. In accordance with Paragraph 39 of the Settlement Agreement, Settlement Class Representative is hereby awarded Three Thousand Dollars and Zero Cents ($3,000.00), to be paid as specified in the Settlement Agreement.

8. Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9. Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims as set forth in the Settlement Agreement, which includes as follows:

> any and all known and unknown claims, rights, demands, actions, causes of action, private or other rights of action, allegations, or suits of whatever kind or nature based upon, relating to, concerning or arising from the Data Incident and alleged theft of personal identifiable information, protected health information, or any other personal information, or the allegations, facts or circumstances described in the Action, whether *ex contractu* or *ex delicto*, tort, statutory, common law or equitable, including but not limited to negligence, breach of express or implied contract, breach of the implied covenant of good faith and fair dealing, bad faith, violation of any federal or state statute or regulation in any jurisdiction, breach of confidence, bailment, breach of fiduciary duty, misrepresentation (whether fraudulent, negligent or innocent), any claims for damages, including punitive, special or exemplary damages, restitution, disgorgement, attorneys' fees, costs or expenses of suit, injunctive relief, declaratory relief, equitable relief, specific performance, or prejudgment or post-

3

judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, restitution, the appointment of a receiver, or any other form of relief, including Unknown Claims, that either has been asserted, or could have been asserted, by any Class Member against any of the Released Persons. However, Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Agreement, and shall not include the Class Members who have timely and validly request exclusion from the Settlement Class.

10. As of the final date of the Opt-Out Period, no potential Class Members have submitted a valid request to be excluded from the Settlement.

11. The Court has considered all of the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

13. In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14. The Court hereby find that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

~~Without affect the finality of this Judgment in any way, this Action shall remain open~~ and the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for

the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

**IT IS SO ORDERED** this 12th day of December, 2022.

The Clerk of Court is respectfully requested to close this case and terminate the pending motions at ECF No. 29, 58 and 63.

Hon. Andrew L. Carter, Jr.
United States District Judge

5